USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07

Sandell Asset Management Corp.
40 West 57th Street
New York, New York 10019

August 15, 2007

**STRICTLY CONFIDENTIAL**

Apollo Resources International, Inc.
Mountain States Petroleum Company
BC&D Oil and Gas Corporation
c/o Apollo Resources International, Inc.
3001 Knox Street, Suite 403
Dallas, Texas 75205

Gentlemen:

      Reference is made to (i) the Application for a Temporary Restraining Order and a Preliminary Injunction filed on July 30, 2007 (the "**Application**") by Castlerigg Master Investments Ltd. ("**Castlerigg**") against Apollo Resources International, Inc. ("**Apollo**") with the United States District Court for the Southern District of New York (the "**Court**") in the matter entitled Castlerigg Master Investments Ltd. v. Apollo Resources International, Inc., Civ. Action No. 07 CIV 6385 (SAS) (the "**Litigation**") pursuant to which the Court granted Castlerigg a temporary restraining order (the "**TRO**") and (ii) the transactions contemplated by the Purchase and Sale Agreement, dated June 19, 2007 and amended August 3, 2007 (the "**Imperial Purchase Agreement**"), among Apollo, Mountain States Petroleum Company ("**Mountain States**"), BC&D Oil and Gas Corporation ("**BC&D**"), and Imperial Petroleum, Inc. ("**Imperial**") and the proposed form of Registration Rights Agreement, dated as of August 1, 2007 (the "**Imperial Registration Rights Agreement**"), between Apollo and Imperial.

      WHEREAS, on December 29, 2006, Castlerigg and Apollo entered into that certain Securities Purchase Agreement (the "**Securities Purchase Agreement**"), whereby, among other things, Apollo issued a Senior Secured Convertible Note to Castlerigg (the "**Original Note**");

      WHEREAS, concurrently with entering into this letter agreement, Apollo and Castlerigg have entered into (i) a stipulation (the "**Initial Stipulation**") extending the TRO and the hearing on the related preliminary injunction until September 12, 2007 or as soon after September 12, 2007 as the Court is available for such hearing; and (ii) a consent judgment (the "**Consent Judgment**") in the Litigation for Eight Million Dollars ($8,000,000) plus reasonable costs of execution of such judgment, including without limitation attorneys' fees and expenses, which Consent Judgment may be entered pursuant to the terms of this letter agreement; and

10487493.11

WHEREAS, Apollo, Mountain States and BC&D desire to consummate the transactions contemplated by the Imperial Purchase Agreement, and Castlerigg is willing to permit such transactions to proceed, as modified by, and subject to, the terms and conditions herein.

NOW, THEREFORE, in consideration of the foregoing and the respective agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. Notwithstanding anything to the contrary in the Imperial Purchase Agreement, each of Apollo, Mountain States and BC&D agree that, simultaneously with the Closing (as defined in the Imperial Purchase Agreement, but without regard to the dates set forth therein) Castlerigg shall (a) provide Apollo with an executed version of the stipulation attached hereto as Exhibit A providing for the dissolution of the TRO (the "Second Stipulation") (which Second Stipulation may be submitted by Apollo to be so ordered by the Court) and (b) release Apollo from any claims for specific performance and injunctive relief as set forth in Castlerigg's Amended Complaint and discontinue those claims with prejudice; provided, however, that Castleriggs shall be obligated under clauses (a) and (b) of the foregoing sentence if and only if each of the following occurs at or prior to the Closing:

   a. Imperial issues to Castlerigg a warrant initially exercisable into shares of common stock, $.006 par value, of Imperial, with an exercise price of One Thousandth of a Dollar ($0.001) per share (the "**Imperial Warrant**"), with the amount of such shares being the greater of (i) Two Million Five Hundred Thousand (2,500,000) or (ii) half the amount of shares otherwise to be provided by Imperial to Apollo as consideration for the transactions contemplated by the Imperial Purchase Agreement as finally amended. In the event that the Consent Judgment is entered as provided in Paragraph 3 hereof, the amounts provided for therein shall be in addition to the value of the Imperial Warrant, and the Imperial Warrant shall not in any way be deemed whole or partial satisfaction of the Consent Judgment.

   b. Imperial enters into a Registration Rights Agreement with Castlerigg providing registration rights with respect to the shares issuable upon exercise of the Imperial Warrant in form and substance satisfactory to Castlerigg in its sole discretion.

   c. Imperial enters into a warrant purchase agreement with Castlerigg in form and substance satisfactory to Castlerigg in its sole discretion.

   d. Imperial issues to Castlerigg the Imperial Warrant in form and substance satisfactory to Castlerigg in its sole discretion.

2. Upon Apollo's receipt of the Second Stipulation, each of Apollo, Mountain States and BC&D, and their respective past, present, and future parents, subsidiaries, directors, officers, and affiliated persons, firms, corporations, associations and other entities, and their respective predecessors, successors, and assigns, hereby remise, release, and forever quitclaim and discharge Castlerigg and its past, present and future affiliated persons, corporations,

associations and other entities, and all of such parties' directors, officers, partners, members, agents, employees, representatives, attorneys, trustees, stockholders, owners, predecessors, successors, and assigns, from and against any and all actions, causes of action, suits, covenants, liabilities, demands, contracts, agreements, claims (including claims for fraud and fraudulent inducement to enter into this letter agreement), obligations, duties, accounts, damages, costs, and expenses of every kind whatsoever, in law or in equity, civil or criminal, which Apollo, Mountain States or BC&D ever had, now has or hereafter may have directly or indirectly arising solely from the temporary relief sought and granted in Castlerigg's Application for the TRO, and continued pursuant to the Initial Stipulation.

       3. In the event that Castlerigg and Apollo enter into and consummate mutually satisfactory definitive agreements (the "**Definitive Agreements**") to resolve the claims in the Litigation on or before November 14, 2007 (the "**Drop Dead Date**"), Castlerigg shall not file the Consent Judgment. If, however, the parties do not enter into and close the Definitive Agreements by the Drop Dead Date, regardless in either instance of fault, Castlerigg shall be entitled (but not required) to file the Consent Judgment, and Apollo shall interpose no objection to such filing. Upon entry of the Consent Judgment, Castlerigg's money damage claim against Apollo in the Litigation shall be dismissed, with prejudice, and deemed liquidated as set forth in the Consent Judgment, and any other claim that Castlerigg asserted or could have asserted in the Litigation against Apollo, Mountain States or BC&D, other than its specific performance claim and claim for injunctive relief in its Amended Complaint, shall be released; and its rights under the Original Note and each of the other Transaction Documents shall be released, and Castlerigg shall be forever barred from litigating such claims in the Litigation or any other litigation against Apollo, Mountain States or BC&D. Neither Castlerigg nor Apollo shall be under any obligation, of good faith or otherwise, to enter into the Definitive Agreements or to conduct negotiations in an effort to do so, nor does Apollo or Castlerigg rely in entering into this letter agreement on any intention of the other with respect to concluding such Definitive Agreements. In the event Castlerigg elects not to file the Consent Judgment notwithstanding its entitlement to do so, Castlerigg shall retain all rights it now has to pursue the Litigation.

       4. As a further inducement for Castlerigg to enter into this letter agreement, Apollo agrees that on the date hereof upon entering into this letter agreement with Castlerigg, Apollo will pay Castlerigg, by wire transfer in U.S. dollars and immediately available funds to an account designated by Castlerigg, the sum of Fifty Thousand Dollars ($50,000) for the cost of Castlerigg's posting of a bond in connection with the TRO.

       5. Apollo hereby confirms and agrees that, unless and until the Consent Judgment is entered (in which case the changes described in Paragraph 3 shall occur), (i) the Securities Purchase Agreement, the Registration Rights Agreement, the Original Note and each of the other Transaction Documents (as defined in the Securities Purchase Agreement) are, and continue to be, in full force and effect and are hereby ratified and confirmed in all respects, and (ii) the execution, delivery and effectiveness of this letter agreement shall not operate as an amendment of any right, power or remedy of Castlerigg under any of the Transaction Documents, shall not constitute an amendment of any provision of any of the Transaction Documents; and shall not constitute a waiver of any default that may now exist under any of the Transaction Documents.

6. Castlerigg's obligation to provide the Second Stipulation shall terminate at Castlerigg's election, upon prior written notice to Apollo and to its counsel of record in the Litigation if the Closing does not occur on or prior to September 7, 2007. For the avoidance of doubt, (a) no such termination pursuant to the preceding sentence shall affect any other provision of this letter agreement, the Initial Stipulation being entered into concurrently herewith or the Consent Judgment being provided concurrently herewith, and (b) notwithstanding such termination pursuant to the preceding sentence, unless and until the Consent Judgment is entered (in which case the changes specified in paragraph 3 shall occur), the Original Note and each of the other Transaction Documents shall remain in full force and effect and Castlerigg shall retain all rights, and does not waive any rights, it had prior to its entry into this letter agreement (or in the future that it may have) with respect to the Original Note and the other Transaction Documents.

7. This letter agreement (a) and the Initial Stipulation constitute the entire agreement among the parties hereto with respect to the subject matter hereof and supersede all prior negotiations, letters and understandings relating to the subject matter hereof, (b) is fully binding on the parties and shall be governed by the laws of the State of New York, without giving effect to the conflict of laws provisions thereof, and (c) may be signed in multiple counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument. The parties consent to the exclusive jurisdiction of the state and federal courts located in New York County, New York, and waive any right to a trial by jury. This letter agreement may be executed and accepted by facsimile signature and any such signature shall be of the same force and effect as an original signature. Each party hereto acknowledges that, in view of the uniqueness of the transactions contemplated by this letter agreement, the other parties hereto would not have an adequate remedy at law for money damages in the event that this letter agreement has not been performed in accordance with its terms, and therefore agrees that such other parties shall be entitled to specific enforcement of the terms hereof in addition to any other remedy to which it may be entitled, at law or in equity. Apollo agrees to pay Castlerigg's reasonable costs, including without limitation attorneys' fees and expenses, incurred to the extent it is the prevailing party in enforcing the terms of the this letter agreement, including without limitation any costs incurred as a result of any effort by Apollo to oppose entry of the Consent Judgment in accordance with the terms of this letter agreement.

[The remainder of the page is intentionally left blank]

If you are in agreement with the foregoing, please sign the form of acceptance on the enclosed counterpart of this letter and return the same to us, whereupon this letter agreement will become a binding contract between you and us.

Very truly yours,

CASTLERIGG MASTER INVESTMENTS LTD.,

By: Sandell Asset Management Corp., its investment advisor

By: _____
Name: Patrick Burke
Title: Senior Managing Director

Accepted and agreed to as of
August 15, 2007:

APOLLO RESOURCES INTERNATIONAL, INC.

By: _____
Name:
Title:

MOUNTAIN STATES PETROLEUM COMPANY

By: _____
Name:
Title:

BC&D OIL AND GAS CORPORATION

By: _____
Name:
Title:

10487493.11

- 5 -

If you are in agreement with the foregoing, please sign the form of acceptance on the enclosed counterpart of this letter and return the same to us, whereupon this letter agreement will become a binding contract between you and us.

Very truly yours,

CASTLERIGG MASTER INVESTMENTS LTD.,

By : Sandell Asset Management Corp., its investment advisor

By: _____
Name:
Title:

Accepted and agreed to as of
August 15, 2007:

APOLLO RESOURCES INTERNATIONAL, INC.

By: *(signature)*
Name: CEO, Dennis G. McLaughlin, III
Title:

MOUNTAIN STATES PETROLEUM COMPANY

By: *(signature)*
Name: President, Dennis G. McLaughlin III
Title:

BC&D OIL AND GAS CORPORATION

By: *(signature)*
Name:
Title: President, Dennis G. McLaughlin III

10487493.11

- 5 -

# Glickman, Alan

| | |
|---|---|
| **From:** | Glickman, Alan |
| **Sent:** | Wednesday, August 15, 2007 1:45 AM |
| **To:** | 'Daniel Goldberg' |
| **Cc:** | Adelstein, Michael; Roth, Dana; Gagnon, Matthew |
| **Subject:** | Proposed Hospah Email |

~~Draft - For Settlement Purposes Only~~

Dennis - This will confirm that if Apollo demonstrates to Castlerigg that the value of the Hospah field leases that were to be sold to Imperial represent a de minimis portion of the total value of the assets being sold to Imperial, Castlerigg will permit an exception to the termporary restraining order that would allow for direct or indirect payment (in connection with an asset sale or otherwise) of currently existing indebtedness of up to $750,000 associated with the Hospah field leases, consisting of the $525,000 plugging bond due to the State of New Mexico and payments owing to service providers. - Matt

*[signature]*

1

# EXHIBIT A

## Second Stipulation

See Attached Second Stipulation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CASTLERIGG MASTER INVESTMENTS LTD., : Civ. Action No.: 07 CIV 6385 (SAS)
:
        Plaintiff, : ECF Case
:
    v. :
:
APOLLO RESOURCES INTERNATIONAL, INC., : **STIPULATION AND CONSENT
: DISSOLVING TEMPORARY
: RESTRAINING ORDER**
        Defendant. :
:
:
-----------------------------------------------------------x

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties, that pursuant to Rule 65(b) of the Federal Rules of Civil Procedure: (1) the Temporary Restraining Order (the "TRO") issued by the Court in this action on July 31, 2007 is dissolved; (2) the bond posted by Castlerigg Master Investments Ltd. ("Castlerigg") in connection with the TRO is discharged; and (3) the dissolution of the TRO is without prejudice to any other issue in this action or Castlerigg's right to seek any appropriate form of relief from the Court in this action.

Dated:_____ ___, 2007
      New York, New York

| SCHULTE ROTH & ZABEL LLP | SALON MARROW DYCKMAN NEWMAN & BROUDY LLP |
|---|---|
| By: _____ | By: _____ |
| Alan R. Glickman | Daniel I. Goldberg |
| 919 Third Avenue | 262 Madison Avenue |
| New York, New York 10022 | New York, New York 10017 |
| (212) 756-2000 | (212) 661-7100 |
| *Attorneys for Castlerigg Master Investments Ltd.* | *Attorneys for Apollo Resources International, Inc.* |

SO ORDERED:


_____
Shira A. Scheindlin
United States District Judge

10487342.1