USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/07

RECEIVED
CHAMBERS OF
SEP 11 2007
JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CASTLERIGG MASTER INVESTMENTS LTD.,

    Plaintiff,

v.

APOLLO RESOURCES INTERNATIONAL, INC.,

    Defendant.
----------------------------------------------------------X

Civ. Action No.: 07 CIV 6385 (SAS)

ECF Case

STIPULATION OF CONSENT TO ENTRY OF AN INJUNCTION

WHEREAS, on July 12, 2007, Castlerigg Investments Ltd. ("Castlerigg") commenced an action against Apollo Resources International, Inc. ("Apollo") for breach of a Senior Secured Convertible Note that Apollo issued to Castlerigg on December 29, 2006 for amounts allegedly owed thereunder in excess of $9 million (the "Action");

WHEREAS, on July 31, 2007, Castlerigg moved by Order to Show Cause for a temporary restraining order ("TRO") and a preliminary injunction to enjoin, among other things, Apollo's contemplated transaction with Imperial Petroleum, Inc., that was expected to close on August 1, 2007 (the "Apollo/Imperial Transaction");

WHEREAS, on July 31, 2007, after hearing argument from the parties, the Court scheduled a hearing on the preliminary injunction for August 15, 2007, and granted the application for a TRO pending that hearing, enjoining and restraining Apollo from directly or indirectly taking any actions to:

    (a)    consummate or permit its subsidiaries to consummate the transaction that is the subject of a Purchase and Sale Agreement among Apollo, Mountain States Petroleum Company, BC&D Oil and Gas Corporation and Imperial Petroleum, Inc. ("Imperial"), as described in the Form 8-K filed with the SEC by Apollo on June 26, 2007, whereby certain Apollo debt is to be assumed by Imperial;

(b) otherwise redeem, defease, repurchase, repay or make payments in respect of any existing indebtedness as defined in Section 27(s) of the Senior Secured Convertible Note issued to Plaintiff on December 29, 2006 (the "Note");

(c) incur, guaranty, or assume any new Indebtedness as defined in Section 27(s) of the Note;

WHEREAS, in connection with granting the TRO, the Court required Castlerigg to post security in the amount of Two Million Dollars ($2,000,000) by 5:00 p.m. on August 3, 2007;

WHEREAS, by 5 p.m. on August 3, 2007, Castlerigg posted a bond in the amount of Two Million Dollars ($2,000,000) as security for the TRO;

WHEREAS, on August 6, 2007, Castlerigg served and filed an Amended Complaint in the Action asserting additional claims against Apollo, including claims for specific performance;

WHEREAS, on August 15, 2007, counsel for Castlerigg and Apollo appeared before the Court and advised that the parties had entered into: (1) a Stipulation extending the TRO and the hearing on the related preliminary injunction until September 12, 2007, or as soon thereafter as the parties could be heard; (2) a Consent Judgment in favor of Castlerigg in the amount of Eight Million Dollars ($8,000,000) plus reasonable costs of execution of such judgment, including without limitation attorney's fees and expenses (the "Consent Judgment"); and (3) a Letter Agreement providing that, among other things, Castlerigg is only entitled to file the Consent Judgment if the parties are unable to resolve the claims in the Action on or before November 14, 2007;

WHEREAS, on August 15, 2007, the parties advised the Court that it was their hope and expectation that it would not be necessary to hold the preliminary injunction hearing on September 12, 2007;

WHEREAS, on August 15, 2007, the Court "So Ordered" the Letter Agreement and the Stipulation extending the TRO and adjourning the preliminary injunction hearing until September 12, 2007;

WHEREAS, the Imperial transaction has not closed, but Apollo is actively seeking to enter into a similar transaction subject to Castlerigg's approval;

WHEREAS, Apollo consents to entry of an injunction prohibiting the same conduct that was the subject of the TRO, as well as restraining the sale of any of its assets, except the sale of assets in the ordinary course of its business, without Castlerigg's prior written consent, until such time as the Consent Judgment is satisfied, or the Action is dismissed without entry thereof; and

WHEREAS, in view of the foregoing there is no need to hold a preliminary injunction hearing;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties that:

The preliminary injunction hearing scheduled for September 12, 2007 is cancelled.

Until satisfaction of the Consent Judgment, or the dismissal of the Action without entry thereof, Apollo is enjoined and restrained from directly or indirectly taking any action without Castlerigg's prior written consent, to:

> (a) consummate or permit its subsidiaries to consummate the transaction that is the subject of a Purchase and Sale Agreement among Apollo, Mountain States Petroleum Company, BC&D Oil and Gas Corporation and Imperial Petroleum, Inc. ("Imperial"), as described in the Form 8-K filed with the SEC by Apollo on June 26, 2007, whereby certain Apollo debt is to be assumed by Imperial;
>
> (b) otherwise redeem, defease, repurchase, repay or make payments in respect of any existing indebtedness as defined in Section 27(s) of the Senior Secured Convertible Note issued to Plaintiff on December 29, 2006 (the "Note");

(c) incur, guaranty, or assume any new Indebtedness as defined in Section 27(s) of the Note; or

(d) transfer, assign, convey, sell, or otherwise dispose of any assets, other than the sale of assets in the ordinary course of its business.

The $2,000,000 bond posted by Castlerigg in connection with the TRO is discharged, and each of Apollo, Mountain States Petroleum Company ("Mountain States"), BC&D Oil ("BC&D") and Gas Corporation, and their respective past, present, and future parents, subsidiaries, directors, officers, and affiliated persons, firms, corporations, associations and other entities, and their respective predecessors, successors, and assigns, hereby remise, release, and forever quitclaim and discharge Castlerigg and its past, present and future affiliated persons, corporations, associations and other entities, and all of such parties' directors, officers, partners, members, agents, employees, representatives, attorneys, trustees, stockholders, owners, predecessors, successors, and assigns, from and against any and all actions, causes of action, suits, covenants, liabilities, demands, contracts, agreements, claims (including claims for fraud and fraudulent inducement to enter into the Letter Agreement), obligations, duties, accounts, damages, costs, and expenses of every kind whatsoever, in law or in equity, civil or criminal, which Apollo, Mountain States or BC&D ever had, now has or hereafter may have directly or indirectly arising solely from the temporary relief sought and granted in Castlerigg's application

for the TRO, as continued pursuant to the Stipulation entered into between the parties on August 15, 2007, or from the entry of the injunction provided for in Paragraph 2 above.

Dated: September 11, 2007
New York, New York

SCHULTE ROTH & ZABEL LLP

By: _____
Alan R. Glickman
919 Third Avenue
New York, New York 10022
(212) 756-2000
*Attorneys for Castlerigg Master Investments Ltd.*

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

By: _____
Daniel I. Goldberg
262 Madison Avenue
New York, New York 10017
(212) 661-7100
*Attorneys for Apollo Resources International, Inc.*

SO ORDERED:

_____
Shira A. Scheindlin
United States District Judge

9/11/07